**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re JAMES E. BAUMANN,

      Debtor.
_____

JAMES E. BAUMANN,

      Appellant,

v.                                                          Case No:  6:15-cv-643-Orl-40
                                                            Bankr. Case No: 6:14-bk-3297-ABB

PNC BANK, N.A.,

      Appellee.
_____

**ORDER**

      This cause comes before the Court on Appellant's Motion for Reconsideration

(Doc. 27), filed April 14, 2016.  Appellant asks the Court to reconsider its April 1, 2016

Order affirming the Bankruptcy Court and dismissing Appellant's appeal for lack of

standing.  Upon consideration,[1] Appellant's Motion for Reconsideration is denied.

**I.    BACKGROUND**

      The Court recounted the factual and procedural history which led to this appeal in

its April 1, 2016 Order and Appellant does not dispute the accuracy thereof.  The Court

therefore incorporates its prior recitation of the background by reference.  (*See* Doc. 26,

pp. 1–2).

---

[1]    Federal Rule of Bankruptcy Procedure 8022(a)(3) does not permit a response to
Appellant's motion absent the Court's invitation.  The Court finds that a response from
Appellee is not necessary to duly resolve Appellant's motion.

## II.     DISCUSSION

Although the Federal Rules of Bankruptcy Procedure do not authorize motions for reconsideration filed with the district court sitting in its appellate capacity, the Rules do allow motions for rehearing, which are to be "reviewed in the same manner as a motion for reconsideration." *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998). To that end, this Court recognizes three grounds warranting reconsideration of a prior order: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Ultimately, "reconsideration is an extraordinary remedy" which should only be granted when the movant sets forth "strongly convincing" reasons for the Court to change its prior decision. *Madura v. BAC Home Loans Servicing, L.P.*, No. 8:11-cv-2511-T-33TBM, 2013 WL 4055851, at *1 (M.D. Fla. Aug. 12, 2013).

In its April 1, 2016 Order affirming the decision of the Bankruptcy Court, the Court determined that Appellant lacked standing to appeal. Pertinent to Appellant's instant Motion for Reconsideration, the Court specifically found that Appellant was not "a person aggrieved" by the Bankruptcy Court's order and, as a result, could not appeal from that order.[2] Appellant contends that this was clear error for three reasons, none of which are sufficiently convincing to grant the relief he seeks.

First, Appellant submits that the Court should not have considered whether he had

---

[2]  This Court also found that Appellant lacked standing to raise issues on his wife's behalf, as she had not timely appealed from the Bankruptcy Court's order. Appellant does not dispute this finding in his Motion for Reconsideration.

standing to appeal because Appellee never raised the issue and the Court did not afford Appellant an opportunity to respond.  However, as the Court explained in its April 1, 2016 Order, "Standing is a fundamental requirement to maintaining a lawsuit in federal court and cannot be agreed to or waived by the parties," and it is the Court's responsibility to raise the issue of standing regardless of whether any other party does.  (Doc. 26, p. 3 (citing *In re J.H. Inv. Servs., Inc.*, 413 F. App'x 142, 148–49 (11th Cir. 2011) (per curiam) and *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001))).  Further, nothing requires the Court to notify Appellant beforehand that the Court intends to deny the relief he seeks where the Court clearly lacks jurisdiction over Appellant's claims.  Accordingly, the Court did not err by *sua sponte* examining Appellant's standing without notice to Appellant.

Second, Appellant contends that he actually is "a person aggrieved" by the Bankruptcy Court's order and therefore had standing to bring his appeal.  Appellant reasons that because he is married to the co-debtor who was affected by the Bankruptcy Court's order, he was also aggrieved by that order because the property in dispute is jointly owned.  However, it appears that Appellant misunderstands the Bankruptcy Court's decision.  Although the property may be owned by Appellant and his wife together, the order from which Appellant appealed only permitted Appellee to pursue *in personam* relief against his wife.  In other words, the jointly owned property—and therefore any interest Appellant holds therein—was not affected by the order Appellant appealed from in this case.[3]  To the extent Appellant contends he would necessarily be aggrieved by any

---

[3]   A separate order entered by the Bankruptcy Court prior to the order at issue in this appeal lifted the automatic stay so that Appellee could pursue *in rem* relief against Appellant's property.  That order is not the subject of this appeal.

litigation against his wife merely by virtue of his status as her spouse, Appellant provides (and the Court has found upon its own research) no legal support for his position.  The Court therefore did not err in finding that Appellant lacked standing to bring his appeal.

Finally, Appellant asserts that the Court nevertheless had a duty to investigate whether the Bankruptcy Court had jurisdiction to enter its order, whether Appellee is a creditor under the Bankruptcy Code, whether Appellee's proof of claim was valid, and whether Appellee met its burden in seeking relief from the co-debtor stay.  However, because Appellant lacked standing to bring this appeal in the first place, the Court was prohibited from proceeding to its merits.  *See Crotwell v. Hockman-Lewis, Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (holding that a district court has "no power to render a judgment on the merits" where the complaining party lacks standing).  The Court therefore did not err in this regard either.

## III.   CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Appellant's Motion for Reconsideration (Doc. 27) is **DENIED**.

2. Appellee's Motion for Leave to File Limited Response to Appellant's Motion for Reconsideration (Doc. 28) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on May 3, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties